Sheron HAYES, Plaintiff–Appellant,

v.

CLARK COUNTY, Defendant–Appellee.

No. 06–16940.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 13, 2008.

Filed Aug. 22, 2008.

Richard Segerblom, Esquire, Las Vegas, NV, for Plaintiff–Appellant.

Luther M. Snavely, Esquire, Garcia–Mendoza & Snavely Chtd., Las Vegas, NV, for Defendant–Appellee.

Before: THOMPSON and WARDLAW, Circuit Judges, and BOLTON,* District Judge.

### MEMORANDUM **

Sheron Hayes ("Hayes") appeals the district court's summary judgment in favor of Clark County ("the County"), pursuant to FED.R.CIV.P. 56(c), on her claims of discrimination and retaliation under 42 U.S.C. § 2000e *et seq.* ("Title VII"). Because the parties are familiar with the facts and procedural history we do not include them here, except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's decision to grant summary judgment de novo. *Nilsson v. City of Mesa*, 503 F.3d 947, 951 (9th Cir.2007).[1]

*Disparate Treatment*

A prima facie showing of discrimination under Title VII required Hayes to show that "(1) [she] belongs to a protected class, (2)[she] was qualified for the position, (3)[she] was subjected to an adverse employment action, and (4) similarly situated [ ] individuals [not in her protected class] were treated more favorably." *Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 658 (9th Cir.2002).[2]

■ Even if we assume that Hayes made a prima facie showing of discrimination, the County articulated a legitimate nondiscriminatory reason for its action. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir.1998). As the deposition testimony of Betty Burke ("Burke") indicated, Hayes's draft recommendation was based on the faulty assumption that Hayes's unit would become a separate division, thereby opening up the possibility that Hayes could become a division manager. Burke testified further that when Michael Alastuey explained that Hayes's unit would not become a division any time in the near future, thereby eliminating the possibility of Hayes becoming a division manager, she adjusted her recommendation accordingly.

Hayes has not "come forward with [any] evidence that tends to show that the [County's] proffered motives were not the actual motives."[3] *Id.* at 1222 ("[E]vidence

---

\* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We agree with the district court that the evidence considered by that court in ruling on the County's motion for summary judgment was admissible because it was either authenticated by the County in accordance with *Orr v. Bank of Am.*, 285 F.3d 764, 774 (9th Cir. 2002), or authenticated by Hayes's own reliance on the evidence in her moving papers. *See id.* at 776.

2. We disagree with the district court's conclusion that because "[Hayes] failed to show that similarly situated individuals not in her protected class received non-competitive promotions," she failed to make a prima facie showing of discrimination. We conclude that

the relevant inquiries under the facts of Hayes's case are: whether Hayes was subjected to adverse employment action (as opposed to the district court's narrow question of whether she received a non-competitive promotion) and whether similarly situated individuals not in her protected class were treated more favorably. This difference does not, however, change the outcome of Hayes's case. *See Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.*, 810 F.2d 869, 874 (9th Cir.1987) ("We may affirm the district court on any ground supported by the record, even if the ground is not relied on by the district court.").

3. In her reply brief to this appeal, Hayes argues that the fact that the description underlying the relevant Schedule recommendation did not change, even though the numerical Schedule recommendation itself changed, demonstrates that the County's proffered jus-

of pretense must be specific and substantial in order to create a triable issue ....") (internal quotation marks omitted).

There is no genuine dispute of material fact with regard to Hayes's disparate treatment claim, and the district court properly granted summary judgment in favor of the County.

*Retaliation*

■ Hayes also argues that the County violated Title VII by retaliating against her after she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

42 U.S.C. § 2000e–5(e)(1) specifies that a charge of retaliation *shall* be filed within 180 or 300 days after the alleged unlawful employment practice occurred, depending on the circumstances. *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109–10, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Because Hayes last charge of retaliation and discrimination was filed with the EEOC on April 14, 2000, only those allegations of retaliation which allegedly occurred within 300 days prior to April 14, 2000 are actionable. *See id.* at 113, 122 S.Ct. 2061.

If Hayes's allegations of retaliation meet the requirements of 42 U.S.C. § 2000e–5(e)(1), then, in order to make a prima facie showing of retaliation under Title VII, she must show: "(1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between her activity and the employment decision." *Stegall v. Citadel Broad. Co.,* 350 F.3d 1061, 1065–1066 (9th Cir.2003).

Hayes's allegations of "numerous write-ups and a suspension" are time-barred because she did not receive a written repri-

mand until 2001 and did not receive her first suspension until September 17, 2002. Hayes's allegation that Stephanie Denton's ("Denton") firing was an act of retaliation against Hayes is also time-barred as Denton was not fired until July 12, 2001. Similarly, Hayes's attempt to bolster her retaliation case by including a declaration by colleague Janet Clark ("Clark") is unavailing. Clark was not hired until December 2001 and could not, therefore, have witnessed any alleged acts of retaliation within 300 days prior to April 14, 2000.

Hayes provided no evidence in support of her allegation that her supervisor, Sandra Norskog ("Norskog") "actively recruited Hayes's subordinates and encouraged them to work against her, and those that wouldn't she fired." The County produced evidence opposing this allegation in the form of Norskog's deposition testimony that she did not retaliate against Hayes. In response, Hayes produced nothing to support her allegation. Accordingly, no genuine issue of material fact exists as to this allegation. *See* Fed.R.Civ.P. 56(e)(2).

■ Finally, Hayes alleges that the County retaliated against her when they transferred her case from the County's affirmative action officer, George Cotton, to the District Attorney's Office. Hayes provided no evidence or explanation to demonstrate how transferring her case to the District Attorney's Office constituted an adverse employment action against her. *See Ray v. Henderson,* 217 F.3d 1234, 1243 (9th Cir.2000).

Even if Hayes had shown that the transfer of her case to the District Attorney's Office was an adverse employment action, the County provided a "legitimate nondiscriminatory reason for its decision": the

tification is pretextual. Considering the language of the pertinent recommendation, we

find this argument unpersuasive.

avoidance of any apparent or actual conflict of interest between Cotton's own discrimination case and Hayes's case. *Id.* at 1240. Hayes has not, "either 'directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence,'" raised a genuine issue of material fact as to whether the County's explanation was pretextual. *Stegall,* 350 F.3d at 1068 (quoting *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).

There is no genuine dispute of material fact with regard to Hayes's claim for retaliation. Summary judgment in favor of the County on this claim was proper.

AFFIRMED.